## ASAHEL SAUNDERS and MARY WINSHIP *versus* JOSHUA FROST.

The plaintiff in a bill in equity to redeem sets out the mortgage, an entry by the defendant after part of the sum secured had become due, and a tender, and prays to be restored to his title and possession; and pending the suit, he brings another similar bill, but stating an additional tender made after the whole sum had become due. To this bill the defendant pleads the pendency of a former suit for the same matter, and the plea is sustained with costs for the defendant.

Held also, that the new right acquired by the plaintiff while the first suit was pending, was proper matter for a supplemental bill, but not for an original bill.

THIS was a bill in equity to redeem, setting forth the mortgages and assignments mentioned in the last case, the entry of the defendant on the 5th of August, 1823, for a breach in the non-payment of interest, the tender of 800 dollars on the 25th of April, 1826, by Saunders and Daniel Winship, and the refusal of the defendant to receive the money and release the mortgaged premises. It further stated, that Daniel Winship died on the 1st of November, 1826, and that Mary Winship was his only heir and entitled to his interest in the premises; that on the 9th of April, 1827, the plaintiffs demanded of the defendant an account of the sums due on the mortgages, which he refused to give; that notwithstanding, the plaintiffs, on the 24th of April, 1827, tendered to the defendant 900 dollars. The bill prayed that the defendant might be required to answer, &c., and to state an account, and that the plaintiffs might be restored to their title and possession. The writ was dated April 24th, 1827.

A plea and replication were filed, as set forth in the opinion of the Court; which was drawn up by

*May term, in Hampden*

WILDE J. Without considering the defendant's motion, founded on supposed errors in the process, we think it clear that the bill must be dismissed for the matter disclosed in the defendant's plea. It is alleged in the plea, that prior to the filing of the present bill, viz. on the 25th of April, 1826, Asahel Saunders, one of the plaintiffs, together with one Daniel Winship, since deceased, who was the father of Mary Winship, the other plaintiff, did exhibit their bill of

complaint to this Court against the defendant, for the same matters, and to the same effect, and for the like relief, as the now complainants do by their present bill set forth. It is also averred in the plea, that the defendant put in his answer to the first bill, and that the same is still pending and unde termined in this Court. The plaintiffs reply, denying that the first bill is for the same matters, and to the same effect, and for the like relief, as the plaintiffs do in their present bill set forth.

The question then presented by the plea and replication is, whether this bill is for the same matters, and to the same effect, and for a like relief, as the former bill. As this question may be determined by a comparison of the two bills, it is unnecessary to refer the matter to a master. If on inspecting the bills both suits appear to be for the same matter, the plea must be allowed. 1 Har. Ch. Pr. 345. And it is apparent, we think, that the two bills are substantially founded on the same matter. Both are founded on the same tender, and in each the plaintiffs claim a right to redeem the mortgage, and pray for the same general relief, to be restored to their title. The only difference of any importance is, that the present bill sets forth an additional tender; but the addition of new matter is no good reason for overruling the plea. If it were, the plea of the pendency of a former suit could always be very easily evaded. It is a sufficient objection to the present bill, that it is founded on matters set forth in the former bill, to which the defendant would be again bound to answer, if the plaintiffs were permitted to proceed. Such a vexatious course can never be sanctioned by a court of equity. *Crofts* v. *Wortley*, 1 Ch. Cas. 241 ; 1 Eq. Ca. Abr. 39. Besides, the new matter is not proper for an original bill, but the plaintiffs should avail themselves of it by a bill of revivor and supplement. Such a bill has been accordingly filed since the pendency of the present suit, so that the whole matter is before us in the former suit. When any event happens subsequently to filing an original bill, which gives a new interest or right to a party, it should be set out in a supplemental bill. Mitf. Ch. Pl. 49.

Saunders
*v.*
Frost.

Saunders
*v.*
Frost.

It is apparent therefore that the present bill is wholly un-necessary and consequently vexatious. We have however no reason to suppose that it was so intended ; but as events have turned, such has been its necessary effect.

*Bill dismissed, with costs for defendant.*